DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| BARRY AND KATHY TUTTLE, | CASE NO. 1:08 CV 333 |
| Plaintiffs, | |
| | MEMORANDUM OPINION |
| v. | |
| SEARS, ROEBUCK AND CO., *et al.*, | |
| Defendants. | |

Pending before the Court is defendants' motion to bifurcate plaintiffs' claim for punitive damages. On June 19, 2009, defendants moved to bifurcate (ECF 48), and plaintiffs opposed on July 2, 2009. ECF 51. Defendants replied on July 9,2009. ECF 54. For the following reasons, the Court declines to exercise its discretion as granted under F.R.Civ.P. 42(b), and defendants' motion to bifurcate plaintiffs' claims for punitive damages is DENIED.

## I. BACKGROUND[1]

According to the amended complaint (ECF 15), plaintiff Barry Tuttle ("Mr. Tuttle") purchased a Craftsman Table Saw (" the Saw") from defendants' store in Mansfield, Ohio on February 11, 2006. On that date, plaintiffs allege that defendants, by and through their employees, agents, or representatives, informed Mr. Tuttle that the Saw was fully assembled, and

---

[1]The following facts, taken from plaintiffs' amended complaint (ECF 15), are assumed to be true for the purposes of this decision.

(1:08 CV 333)

that he would only have to attach the legs in order to use it.  However, when Mr. Tuttle opened the Saw at his home, he discovered that it required more assembly than simply attaching the legs. Mr. Tuttle then assembled the Saw.

According to plaintiffs, Mr. Tuttle was operating the Saw on February 14, 2006 in accordance with defendants' instructions and warnings.  Plaintiffs allege that during this operation, Mr. Tuttle attempted to cut a piece of wood, which suddenly became jammed. Plaintiffs further allege that this caused the blade guard on the Saw to "lift up," exposing the Saw's blade.  The blade then came in contact with Mr. Tuttle's left hand, injuring his thumb and three of his fingers. ECF 15.

## II. LAW & ANALYSIS

### A. Standard of Review for Bifurcation

Under the Federal Rules of Civil Procedure, a court *may* order a separate trial for one or more separate issues for convenience, to avoid prejudice, or to expedite and economize. Rule 42(b) Fed. R. Civ. P. (emphasis added). The language of Rule 42(b) "places the decision to bifurcate within the discretion of the district court." *Saxion v. Titan-C-Manufacturing, Inc.*, 86 F.3d 553, 556 (6th Cir.1996).

### B. Choice of Law

Defendants argue that bifurcation of punitive damages is required under Ohio Revised Code § 2315.21(B)(1), which provides that claims for punitive damages *shall* be bifurcated upon motion by either party "[i]n a tort action that is tried to a jury and in which a plaintiff makes a

(1:08 CV 333)

claim for compensatory damages and for punitive damages." However, defendants' reliance on Ohio law is misplaced.

When a court sits in diversity, as it does in this case, the court must apply substantive state law and procedural federal law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Thus, while the Court must apply state law to the substantive issues raised in this case, it is not similarly bound by state law regarding procedural issues. *See Tarrants v. Owens-Corning Fibreglass Corp.,* 225 F.3d 659 (6th Cir.2000), *Butler v. Yamaha Motor Co, Ltd.,* 1993 EL 95513 (E.D.Pa.)(court applying state products liability law in diversity action not required to apply state procedural law).

Although plaintiffs impliedly contend that bifurcation is not a matter of procedure (ECF 54, at 3-4), ample precedent holds that bifurcation should be governed by federal law in diversity cases. *Hamm v. American Home Products Corporation*, 888 F.Supp. 1037, 1038 (E.D.Cal.1995), *citing Simpson v. Pittsburgh Corning Corp*., 901 F.2d 277, 283 (2d Cir.1990) (applying Rule 42(b) instead of New York common law requiring that evidence of defendant's wealth be admitted only after jury has otherwise determined that punitive damages are appropriate); *Rosales v. Honda Motor Co., Ltd.*, 726 F.2d 259, 261 (5th Cir.1984) (applying Rule 42(b) instead of Texas law requiring that liability and damages be tried in a single proceeding); *Moss v. Associated Transport, Inc.*, 344 F.2d 23, 25 (6th Cir.1965) (applying Rule 42(b) instead of Tennessee law requiring that liability and damages be tried in a single proceeding).

Under the Rules Enabling Act, 22 U.S.C.A.§ 2072, Rule 42(b) was adopted to govern "practice and procedure" of district courts in diversity cases. Therefore, the Court retains its

3

(1:08 CV 333)

discretion over the issue of bifurcation as granted under Rule 42(b), and the mandatory language of O.R.C § 2315.2 does not apply. *See Hamm,* 888 F.Supp. 1037 (court retained discretion granted by Rule 42(b) in diversity action despite state statute mandating bifurcation).

**C. Bifurcation is Unwarranted**

As discussed *supra,* a court may bifurcate claims for convenience, to avoid prejudice, or to expedite and economize. The party moving for bifurcation "bears the burden of demonstrating that concerns of judicial economy and prejudice weigh in favor of granting the motion." *Rothstein v. Steinberg*, WL 5716138 (N.D.Ohio 2008), *citing* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, 2388 (2d ed.2006).

1. Defendant's prejudice and jury confusion arguments are unfounded.

In their reply, defendants argue that bifurcation is necessary because they will be "inherently prejudiced" if the claims are tried together. ECF 54 at 1. More specifically, defendants contend that they will be forced to argue simultaneously that (1) no liability exists, and (2) if liability exists, defendant's actions do not rise to the level of malice necessary to support an award of punitive damages. *Id.* Defendants similarly argue that jury confusion will result if the claims are tried together, as the jury will be forced to apply two separate standards, including a "clear and convincing evidence" standard for plaintiffs' punitive damages claims, and a "preponderance of the evidence" standard for plaintiffs' remaining claims. *Id.* at 2.

In *Rothstein*, the defendant made virtually the same arguments in support of his motion to bifurcate claims for punitive and compensatory damages. As the *Rothstein* court noted, however, the defendant would not be prejudiced merely by being forced to advance alternative arguments,

4

(1:08 CV 333)

as "parties are forced into alternative stances all the time." *Rothstein,* at *2. Thus, the court reasoned, the defendant's prejudice argument "must be an argument that a jury would be confused by [the presentation of] alternative arguments," rendering it a mere "variation on his jury confusion argument[.]" *Id.* The court then classified the defendant's jury confusion arguments as unfounded, as juries "are called upon regularly to confront alternative arguments by defendants," and "frequently apply varying standards of proof to different claims." *Id.* Moreover, the court noted that any potential for jury confusion could be avoided through special instructions or cautionary warnings. *Id.*

### 2. Defendants' judicial economy arguments are unfounded and wholly conclusory.

Defendants further contend that bifurcation of plaintiffs' compensatory and punitive damage claims will promote judicial economy, as a finding of liability is required before punitive damages may be determined. ECF 54 at 2. Thus, defendants reason, postponement of punitive damage proceedings will preserve judicial resources, presumably by eliminating the need for further litigation in the event that defendants are found not to be liable.

However, the Court finds this argument to be unfounded, as the facts and evidence related to plaintiffs' claims for punitive and compensatory damages are closely intertwined that many of the same issues, evidence, and witness would be involved in both proceedings if the claims were severed. Under such circumstances, bifurcation of claims is not warranted, as it would hamper judicial economy, rather than promoting it as defendants contend. *Schegel v. Li Chen Song*, WL 4113959 (N.D.Ohio 2008).

(1:08 CV 333)

### III. CONCLUSION

For the foregoing reasons, the Court declines to exercise its discretion as granted under F.R.Civ.P. 42(b), and defendants' motion to bifurcate plaintiffs' claims for punitive damages is DENIED.

The trial in this case will begin on the date certain of October 13, 2009 at 9:00 a.m.

IT IS SO ORDERED.

September 4, 2009            s/ David D. Dowd, Jr.
                                            David D. Dowd, Jr.
                                            U.S. District Judge